UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                  :
                                                        :
     QUIGLEY COMPANY, INC.                     :         Chapter 11
                                                        :         Case No. 04-15739(SMB)
                  Debtor.          :
-------------------------------------------------------------X
QUIGLEY COMPANY, INC.,                                  :
                                                        :
                                                        :
              Plaintiff,                   :         Adv. Proc. No. 04-04262
                                                        :
          -- against --                    :
                                                        :
A.C. Coleman, THE OTHER PARTIES LISTED                  :
ON EXHIBIT A TO THE COMPLAINT,                          :
JOHN DOES 1-1000 AND JANE DOES 1-1000                   :
                                                        :
           Defendants.                    :
-------------------------------------------------------------X

## MEMORANDUM OPINION AND ORDER REGARDING MOTION
## FOR RELIEF FROM PRELIMINARY INJUNCTION

**A P P E A R A N C E S:**

SCHULTE ROTH & ZABEL LLP
Attorneys for Plaintiff Quigley Company, Inc.
919 Third Avenue
New York, New York 10022

      Michael L. Cook, Esq.
      Lawrence V. Gelber, Esq.
          Of Counsel

CADWALADER, WICKERSHAM & TAFT LLP
Attorneys for Pfizer, Inc.
One World Financial Center
New York, New York 10281

      Bruce R. Zirinsky, Esq.
      John H. Bae, Esq.
      Jason A. Cohen, Esq.
          Of Counsel

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Attorneys for Janet Warren, W. Jean Evans and Leanne Shipman
30 Rockefeller Plaza, 24th Floor
New York New York 10112

     Michael H. Ahrens, Esq.
     Steven B. Sacks, Esq.
     Mary L. Johnson, Esq.
     Jeffrey K. Rehfeld, Esq.
         Of Counsel

**STUART M. BERNSTEIN**
**Chief United States Bankruptcy Judge**

On the same day that Quigley Company, Inc. ("Quigley") filed this asbestos bankruptcy case, it also filed an adversary proceeding, which culminated in an order preliminarily enjoining asbestos-related litigation (the "Preliminary Injunction") against its non-debtor parent, Pfizer Inc. ("Pfizer").  Three personal-injury plaintiffs, Janet Warren, W. Jean Evans and Leanne Shipman (collectively, the "Claimants") filed the instant motion for relief from the preliminary injunction to sue Pfizer on account of asbestos-related claims.  Quigley and Pfizer strenuously opposed the motion.

The Claimants were not parties to this adversary proceeding, and contend that they did not have any notice of the application for a preliminary injunction.  Under the circumstances, they are entitled to their day in court.  Accordingly, the Court will schedule an evidentiary proceeding to resolve the issues raised by their motion.

**BACKGROUND**

**A.    Introduction**

Pfizer is a well-known pharmaceutical company, and at all relevant times, owned liability insurance.  In 1963, Pfizer acquired Coty, Inc., a cosmetics company.  Coty manufactured a

product known as Coty Airspun Face Powder, which allegedly contained an asbestos product. Pfizer sold Coty in 1992, but while it was a Pfizer subsidiary, it was covered by Pfizer's liability insurance.

In 1968, Pfizer acquired Quigley. Quigley was engaged in the refractories business, and manufactured and sold products that contained asbestos. After Quigley became a Pfizer subsidiary, it was also covered by Pfizer's liability insurance. Quigley subsequently sold substantially all of its assets to a third-party, and retained the liabilities stemming from products sold prior to the sale of its business. Since then, Quigley's principal business has been the management of personal injury claims brought against it by persons allegedly exposed to asbestos-containing products formerly made, used or sold by Quigley.

By the time Quigley filed this chapter 11 case on September 3, 2004, it was defending against over 160,000 asbestos-related lawsuits and claims. Pfizer had also been sued. Many of the lawsuits asserted derivative claims against Pfizer based upon its relationship to Quigley (the "Pfizer Derivative Claims"). Others asserted claims that arose from Pfizer's former connection with Coty, and had nothing to do with Quigley (the "Pfizer Only Claims"). Quigley and Pfizer were using certain shared insurance policies and the funds contained in a certain insurance trust, under which Quigley and Pfizer are joint beneficiaries (collectively, the "Shared Insurance"), to satisfy settlements, judgments and defense costs in connection with the asbestos-related claims. Consequently, every dollar that Pfizer spent defending or satisfying the Pfizer Only Claims diminished the Shared Insurance and the amount of insurance available to Quigley.

**B.      The Plan Of Reorganization**

Prior to the bankruptcy filing, Quigley and Pfizer began plan negotiations with creditors

and a representative of those future claimants who had not yet asserted claims against Quigley.

Under the Plan that Quigley subsequently filed, and pursuant to § 524(g) of the Bankruptcy

Code, Quigley's asbestos-related liabilities, as well as Pfizer's liabilities that were based on

Quigley's conduct or products (i.e., the Pfizer Derivative Claims), will be channeled to a trust

fund (the "Asbestos PI Trust").  (Disclosure Statement § I.A; Plan §§ 1.1 (defining "Asbestos PI

Trust"); 9.3.)[1]  The Asbestos PI Trust will be funded by the transfer of certain assets, including a

contribution of Pfizer's rights to proceeds under various insurance policies and settlement

agreements. (See Plan § 9.3(d).)  Creditors holding claims against Quigley or Pfizer Derivative

Claims will be limited to the trust, and enjoined from otherwise pursuing their claims against

Quigley or Pfizer.  The proposed plan will not affect those holding Pfizer Only Claims.

**C.      The Preliminary Injunction**

The asbestos-related litigation against Quigley and Pfizer was depleting the Shared

Insurance.  While the filing of the bankruptcy petition stayed the claims against Quigley, see 11

U.S.C. § 362(a)(1), it did not stay any litigation against Pfizer.  Consequently, Quigley filed this

adversary proceeding on the Petition Date, and simultaneously moved for a temporary

restraining order and a preliminary injunction.  Quigley sought to enjoin the commencement or

continuation of all present and future actions against Pfizer that alleged personal injury or

wrongful death based on purported exposure to asbestos or asbestos-containing products. (Adv.

Proc. No. 04-04262, ECF Doc. #2.)

---

[1] The Plan and Disclosure Statement are attached as Exhibits B to Order: (I) Approving Quigley's
Disclosure Statement; (II) Approving Solicitation Procedures, Forms of Ballots, and Manner of Notice;
and (III) Fixing Date, Time and Place for Confirmation Hearing and Deadline for Filing Objections
Thereto, dated Jan. 23, 2006 (04-15739 ECF Doc. # 593.)

Neither the summons nor the complaint nor the Preliminary Injunction application was

served on the Claimants. At that time, they had not yet asserted any claims against Pfizer, and

were unknown to Quigley. Nevertheless, on September 14, 2004, Quigley published a notice of

the hearing seeking the Preliminary Injunction in the New York Times and the Wall Street

Journal (National Edition).

After Judge Beatty signed a temporary restraining order, she conducted hearings on the

motion for a preliminary injunction. She received several objections, with some related to the

power and propriety of staying claims against Pfizer that had nothing to do with Quigley. Judge

Beatty resolved the issue by crafting a broad injunction that enjoined all present and future

claims against Pfizer, but provided a procedure for relief from its terms if the Claimant held a

Pfizer Only Claim that did not impact the Shared Insurance. The pertinent provisions of the

preliminary injunction, dated December 17, 2004, (ECF Doc. # 122) stated:

> ORDERED, that pursuant to sections 105(a) and 362(a) of the Bankruptcy
> Code, all parties, including the defendants in this action, their agents, servants,
> employees and counsel, are hereby stayed, restrained and enjoined from taking
> any action in any and all pending or future Asbestos Related Claims against Pfizer
> during the pendency of Quigley's chapter 11 case; and it is further
>
> ORDERED, that, subject to the provisions of the immediately succeeding
> paragraph, the automatic stay of section 362(a) of the Bankruptcy Code extends
> to: (1) all pending and future Asbestos Related Claims against Pfizer; and (2)
> against any property in which both Pfizer and Quigley have a legal, beneficial,
> contractual or other interest including, without limitation, the Shared Insurance
> Policies and the funds in the Insurance Trust; and it is further
>
> ORDERED, that any party that asserts it holds an Asbestos Related Claim
> solely against Pfizer based on a product having no relation to Quigley or any
> product not manufactured, sold or distributed by Quigley (a "Pfizer-only Claim")
> may obtain relief from this order and shall not be stayed or enjoined from
> prosecuting such Pfizer Only Claim if, after notice and a hearing, (1) such party
> demonstrates to the Court, based on competent evidence, and this Court finds
> based upon such competent evidence, that the party has a Pfizer-only Claim, and
> (2) this Court finds that the Shared Insurance . . . could not be utilized to satisfy
> any portion of the defense costs, settlements or judgments related to the Pfizer-

5

only Claim or that such Shared Insurance . . . would not in any way be
diminished or impaired by the prosecution of the Pfizer-only Claim.

While the first quoted paragraph was limited to the parties to the adversary proceeding

and to their agents, the second quoted paragraph extended the automatic stay to pending and

future claims against Pfizer and against any property in which Quigley and Pfizer shared an

interest, including the Shared Insurance. The final paragraph described the procedure for

obtaining relief from the Preliminary Injunction, and required the applicant to show that it held a

Pfizer Only Claim that did not implicate the Shared Insurance.

The Ad-Hoc Committee of Tort Victims moved for leave to appeal from the Preliminary

Injunction. After first concluding that the Preliminary Injunction was an interlocutory order, the

District Court denied the motion. Quigley Co. v. A. C. Coleman (In re Quigley Co.), 323 B.R.

70 (S.D.N.Y. 2005). [2]

**D.      The Present Motion**

On November 16, 2006, the Claimants filed a motion for relief from the Preliminary

Injunction. Warrens and Evans are 83 years old and 79 years old, respectively. (Affidavit of

Philip A. Harley, sworn to on Oct. 20, 2006 (the "Harley Affidavit"), at ¶ 10) (ECF Doc. # 203.)

The record does not reflect Shipman's age, but based on the facts, I assume that she is also

elderly. Each Claimant suffers from mesothelioma alleged to be due to exposure to Coty

cosmetic products. (Id. at ¶ 6.) None of the Claimants alleges any claims against Quigley. (Id. at

¶ 7.)

---

[2]      The District Court concluded, at least implicitly, that the Bankruptcy Court had the jurisdiction to enjoin
the Pfizer Only Claims. It found "that there is no controlling issue of law in this case as to which there is a
substantial ground for difference of opinion," and that "it is also clear that the Bankruptcy Court was not acting
contrary to law when it issued the Preliminary Injunction." 323 B.R. at 77.

Warren and Evans named Pfizer as a defendant in lawsuits filed in California state court seeking damages for their asbestos-related claims.[3] (Id. at ¶ 9.) They commenced their actions against Pfizer after the Preliminary Injunction issued, and claim that they were unaware that the Bankruptcy Court had enjoined the prosecution of Pfizer Only Claims. After Pfizer's counsel obtained orders from the state court dismissing the actions, the Claimants filed the instant motion seeking relief from the Preliminary Injunction. (See Motion of Janet Warren, W. Jean Evans and Leanne Shipman for Relief From Preliminary Injunction, dated Nov. 16, 2006 (the "Relief Motion") (ECF Doc. # 201.) They contend that they are not parties to this adversary proceeding or subject to the Preliminary Injunction. Additionally, the Claimants are elderly and very sick, and will be prejudiced by the continuation of the Preliminary Injunction. If they are allowed to proceed against Pfizer, they will be eligible for a trial preference in California state court due to the diagnosis of mesothelioma and medical opinions indicating that their remaining lifespan is short. (Harley Affidavit at ¶10.)

Quigley and Pfizer oppose the motion. They argue that the Preliminary Injunction covers the Claimants' Claims – which it plainly does – and that the Claimants have failed to show that they are entitled to relief under the terms of the Preliminary Injunction – which I assume to be true. In addition, they contend that the Preliminary Injunction is still necessary to preserve the Shared Insurance, and on balance, the Claimants will not be prejudiced if they remain subject to its terms. (See Objection of Quigley Company, Inc. and Pfizer Inc. to Motion of Janet Warren [etc.], dated Dec. 7, 2006) (ECF Doc. # 206.)

---

[3]     Shipman is awaiting a ruling on this motion before filing her lawsuit naming Pfizer as a Defendant. (Harley Affidavit at ¶ 6.)

7

## DISCUSSION

Ordinarily, an injunction binds only the named parties, their agents (including officers,

employees and attorneys), and their successors in interest, United States v. Paccione, 964 F.2d

1269, 1274 (2d Cir. 1992), as well as those who act in active concert with bound parties and have

actual knowledge of the injunction.  See Fed. R. Civ. P. 65(d).  A court may also "bind non-

parties to the terms of the injunction or restraining order to preserve its ability to render a

judgment in a case over which it has jurisdiction."  Paccione, 964 F.2d at 1274-75.  In addition,

bankruptcy courts can and often do issue broad injunctions that restrain present and future claims

when necessary to preserve property of the estate, including insurance coverage.  See A.H.

Robins Co. v. Piccinin (In re A.H. Robins Co.), 788 F.2d 994, 1001-02 (4th Cir.), cert. denied,

479 U.S. 876 (1986); cf. Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003)(the

automatic stay may apply to non-debtors when the claim will have an adverse economic

consequence for the debtor's estate, such as a claim against the debtor's insurance).  Such

injunctions can extend to non-parties provided that a non-party has the right to petition for relief

from the restraint.  A. H. Robins, 788 F.2d at 1008.

Accordingly, the Claimants are entitled to seek relief from the Preliminary Injunction.

Their motion raises significant issues, which are not being decided today.  For example, the

Preliminary Injunction was signed over two years ago to facilitate Quigley's reorganization.

Quigley subsequently filed a Plan that does not deal with the Pfizer Only Claims.  Pfizer will

have to defend against and possibly pay these claims at some point.  The assets that Pfizer

intends to use for this purpose will not be contributed to the Asbestos PI Trust, and do not merit

protection from this Court.

Even if the Preliminary Injunction continues unmodified, the Claimants are not

necessarily limited to demonstrating that they hold Pfizer Only Claims that do not affect the

Shared Insurance.  The Preliminary Injunction was issued pursuant to 11 U.S.C. § 362(a), and as

District Judge Marrero suggested but did not decide, the appropriate inquiry may involve

whether the Claimants are entitled to relief from the extended stay under 11 U.S.C. § 362(d).

See Quigley, 323 B.R. at 75 n.3.  The parties should contact chambers to arrange a status

conference, at which they can address these issues, any other pertinent issues, and if necessary,

move forward to a prompt hearing.


        So Ordered.


Dated: New York, New York
        January 30, 2007


                                    /s/  *Stuart M. Bernstein*
                                    STUART M. BERNSTEIN
                                    Chief United States Bankruptcy Judge